Ronald Wilcox, Attorney at Law SBN 176601
2160 The Alameda, 1st Flr., Suite F
San José, CA 95126-1001
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@yahoo.com

Balám O. Letona SBN 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: (831) 421-0200
Fax: (831) 621-9659
Email: letonalaw@gmail.com

Attorneys for Plaintiff
THOMAS H. VOGTMAN

*FILED*

2008 AUG 15 P 2: 51

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

*Fee Paid*
*$1*
*(99)*

*E-FILING*

*ADR*

*CRM*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSÉ DIVISION

THOMAS H. VOGTMAN,

             Plaintiffs,

v.

J&L COLLECTION SERVICES, INC., dba
J&L TEAMWORKS, TONY MIRABAL,
WESLEY DOE and DOES 1-10, inclusive,

             Defendant(s).

Case No.

# C08   03917 HRL

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

## I. <u>INTRODUCTION</u>

1. Defendant J&L Collection Services, Inc. ignored the cease and desist orders of a disabled U.S. veteran, and intruded upon his seclusion by continuing to call him on the telephone, and send him collection letters, even after Defendant was informed Mr. Vogtman was represented by counsel. Defendants falsely threatened imminent suit and credit reporting, when none was intended.

2. As a result of Defendant's conduct, Mr. Vogtman suffered physical and emotional injury, and substantial emotional distress in the form of severe depression, anxiety, inability to eat, digestive problems and diarrhea, vomiting, dizziness, fainting spells, crying spells, difficulty sleeping, feelings of helplessness and hopelessness, lack of concentration, upset, fear, worry, stress, amongst other injury.

3. This is an action for damages brought by consumers for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq. (hereinafter, "state Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiff also seeks treble damages under Civil Code §3345, which provides for a trebling of damages for deceptive and unfair acts involving disabled persons. Plaintiff was a disabled and unemployed person, at all times relevant herein, subjected to Defendants' abusive, deceptive and unlawful collection practices.

4. According to 15 U.S.C. 1692:

(a)    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b)    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d)    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II.  JURISDICTION AND VENUE

5.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

6.  Plaintiff THOMAS VOGTMAN (hereinafter "Mr. Vogtman") was a disabled and unemployed person residing in Santa Cruz, CA, at all times relevant herein.

7.  Mr. Vogtman is a "consumer" as defined by 15 U.S.C. § 1692a(3) and a "debtor" as defined by Cal. Civil Code § 1788.2.

8.  Defendant J&L Collection Services, Inc., dba J&L TEAMWORKS (hereinafter "J&L or Defendant or Defendants"), is a California corporation that regularly attempts to collect debts owed another with its principal place of business located at 651 N. Cherokee Lane, #B2, Lodi, CA 95240.

9.  J&L is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and California Civil Code § 1788.2.

10.  Defendant Tony Mirabal (hereinafter "Mr. Mirabal") is an employee of J&L who regularly attempts to collect debts owed another.

11.  Mr. Mirabal is a "debt collector" as defined by 15 U.S.C. 1692a(6) and California Civil Code § 1788.2.

12.  Defendant Wesley Doe (hereinafter "Wesley") is an employee of J&L who regularly attempts to collect debts owed another.

13.  Wesley Doe is a "debt collector" as defined by 15 U.S.C. 1692a(6) and California Civil Code § 1788.2.

14.  Plaintiff alleges that at all times herein mentioned, each Defendant was, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing

1  the things herein alleged, was acting in the scope, purpose and authority of such agency, service

2  employment, and/or representative capacity with the permission, knowledge, consent and

3  ratification of the other Defendants. Defendants authorized, approved and/or ratified the

4  wrongful acts herein. Defendants authorized, approved, and/or ratified the wrongful acts herein.

5  Any reference to "DEFENDANTS" "Defendant" or "Defendants" without further qualification is

6  meant by Plaintiffs to refer to each Defendant, and all of them, named herein.

## IV.  **FACTUAL ALLEGATIONS**

15. Plaintiff Thomas Vogtman (hereinafter "Mr. Vogtman") incurred a financial obligation to Santa Cruz Medical Foundation. The debt was primarily incurred for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

16. Mr. Vogtman is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Mr. Vogtman, the debt was sold, assigned or otherwise transferred to J&L to collect the debt from Mr. Vogtman.

17. On or about the summer of 2007 Defendants began calling Plaintiff in an attempt to collect the debt. In each call, Plaintiff informed Defendant he was a disabled veteran, unemployed and unable to pay.

18. On or about August 16, 2007, J&L sent a collection letter to Mr. Vogtman in an attempt to collect a debt or collect payment on a debt. A true and correct copy of the August 16, 2007 collection letter is attached to the herein complaint as **Exhibit 1**.

19. **Exhibit 1** contained false, deceptive, and misleading statements in an effort to collect a debt or collect payment on a debt.

20. **Exhibit 1** falsely threatened imminent action not intended and not taken within the time frame taken, including credit reporting by Defendant.

21. **Exhibit 1** created a false sense of urgency.

22. At the time of receiving **Exhibit 1**, Mr. Vogtman was disabled, unemployed and receiving Workers Compensation disability benefits.

23. On or about September 2007, Defendants telephoned Plaintiff demanding immediate payment. Plaintiff informed Defendant he was disabled, unemployed, unable to pay, he was being represented by an attorney, to contact his attorney, and gave Defendants the name, and telephone number of his attorney. Defendant falsely threatened an imminent lawsuit. Defendants made false, deceptive and misleading statements in an attempt to collect a debt. Defendants created a false sense of urgency. Plaintiff terminated the call. Nevertheless, Defendants continued to telephone Plaintiff.

**FIRST CEASE AND DESIST LETTER**

24. On or about September 13, 2007, Mr. Vogtman's attorney sent J&L a letter via certified mail, informing J&L that Mr. Vogtman was represented by legal counsel, provided such legal counsel's name and phone number, and requested any further contact be made through Mr. Vogtman's legal counsel. The letter also informed J&L that Mr. Vogtman is disabled, receiving Workers Compensation disability benefits, and that any further contact to Mr. Vogtman will cause Mr. Vogtman to suffer unnecessary stress. **Exhibit 2**.

25. Despite the cease and desist order, Defendants made dozens of calls to Plaintiff over the course of the next several months, several times calling more than once a day, and in a repeated fashion.

26. Defendants failed to provided notices as required by federal law.

27. Defendants failed to meaningfully identify themselves, and engaged a device in an attempt to conceal their repeated phone calls.

28. Despite the cease and desist order, Defendants sent numerous letters directly the Plaintiff over the next several months.

**SECOND CEASE AND DESIST LETTER**

29. On or about February 6, 2008, Mr. Vogtman's attorney sent J&L another letter via certified mail, informing J&L that Mr. Vogtman was represented by legal counsel, provided such

legal counsel's name and phone number, and requested any further contact be made through Mr.

Vogtman's legal counsel. **Exhibit 3**. The letter also informed J&L that Mr. Vogtman is disabled,

receiving Workers Compensation disability benefits, and that any further contact to Mr.

Vogtman will cause Mr. Vogtman to suffer unnecessary stress. Nevertheless, Defendants

relentless phone calls directly to Plaintiff continued.

**THIRD CEASE AND DESIST LETTER**

    30.  On or about May 2, 2008, Mr. Vogtman sent a letter to the creditor, Santa Cruz

Medical Foundation, again indicating Plaintiff was a disabled veteran, and requesting Defendants

cease and desist all communications to him and to inform their collector, J&L to also cease all

communications to him as well. Nevertheless, Defendants continued to call Plaintiff.

    31.  Plaintiff is disabled as that term is defined by Civil Code §1761.

    32.  Defendants were informed by Plaintiff, and were aware Mr. Vogtman was disabled.

    33.  Mr. Vogtman is substantially more vulnerable than other members of the public to

J&L's conduct because of his disability.

    34.  As a result of Defendant's conduct, Mr. Vogtman suffered physical and emotional

injury, and substantial emotional distress in the form of severe depression, anxiety, inability to

eat, digestive problems and diarrhea, vomiting, dizziness, fainting spells, crying spells, difficulty

sleeping, feelings of helplessness and hopelessness, lack of concentration, upset, fear, worry,

stress, amongst other injury.

## V.  **FIRST CLAIM FOR RELIEF**
**(Fair Debt Collection Practices Act, 15 U.S.C. § 1692 _et seq._)**

    35.  Plaintiff incorporates by reference each paragraph alleged above.

    36.  The foregoing acts and omission of Defendants constitute violations of the FDCPA,

including but not limited to: 15 U.S.C. §§ 1692c, 1692d, 1692e, 1692e(5), 1692e(10), e(11), and

1692f, as evidenced by the following conduct:

    37.  Defendants violated 15 U.S.C. §§ 1692c by contacting someone known to be

represented by counsel.

38.  Defendants violated 15 U.S.C. §§ 1692c by failing to abide by a cease and desist order.

39.  Defendants violated 15 U.S.C. §§ 1692d by engaging in conduct the natural consequence of which is to harass oppress or abuse any person in connection with the collection of a debt.

40.  Defendants violated 15 U.S.C. §§ 1692e and 1692e(5) by falsely threatening imminent action not intended and did not take within the time frame threatened including credit reporting.

41.  Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) using false, deceptive, and misleading statements in an attempt to collect a debt.

42.  Defendants violated 15 U.S.C. §§ 1692e and 1692e(11) by failing to provide notices required by federal law.

43.  Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) by creating a false sense of urgency.

44.  Defendants violation of 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt

45.  As a result of the above violations of the FDCPA, Defendants are liable to Mr. Vogtman for statutory damages, costs and attorney's fees.

## VI.  SECOND CLAIM FOR RELIEF
### (California Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 *et seq.*)

46.  Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

47.  Defendants violated Civil Code §1788 et seq., including but not limited to Civil Code §1788.11, §1788.13, §1788.17.

48.  Defendants are debt collectors pursuant to Civil Code §1788.2.

49.  The Defendants were attempting to collect a consumer debt as defined by Civil Code §1788.2.

50. Defendants violated Civil Code 1788.13(j) by falsely threatening imminent suit and Civil Code §1788.13(f) by falsely threatening imminent credit reporting.

51. Defendants violated Civil Code §1788.17 by engaging in conduct the natural consequence of which is to annoy, harass, oppress and abuse.

52. Defendants violated civil code §1788.17 be engaging in an unfair and unconscionable act in an attempt to collect a debt.

53. Defendants violated Civil Code §1788.17 by refusing to cease and desist, and unlawfully communicating with someone known to be represented by counsel.

54. Defendants violated Civil Code §1788.17 by making false, deceptive and misleading statements in an attempt to collect a debt.

55. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

## VII. INVASION OF PRIVACY

56. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

57. Defendants' outrageous, abusive, and malicious acts constituted intrusion upon Plaintiff's seclusion.

58. Defendants intruded upon the solitude or seclusion, private affairs or concerns of Plaintiff.

59. The intrusion was substantial, and of a kind that would be highly offensive to an ordinarily reasonable person.

60. The intrusion caused Plaintiff to sustain injury, damage, loss or harm in the form of emotional distress and actual injury as further described herein.

61. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

62. Defendants acted with fraud, oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## VIII.  TORT-IN-SE

63. Plaintiff repeats, re-allege, and incorporates by reference all of the paragraphs above as though fully stated herein.

64. Defendants violated a statutory duty to another and are thus liable under the doctrine of "Tort-in-se."

65. Defendants violated 15 U.S.C. 1692 et seq., Civil Code §1788 et seq., as noted above, and are thus liable for tort-in-se.

66. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined at trial.

67. Defendants acted with fraud, oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

## IX.  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

68. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as more fully stated herein.

69. Defendants' outrageous, abusive and intrusive acts as described herein constituted negligent infliction of emotional distress.

70. Defendants' conduct as described herein was wrongful conduct in that the Defendants conducted their business in an abusive, oppressive, and harassing manner.

71. It is clearly foreseeable that Defendants' actions as described herein could cause severe and serious emotional distress.

72. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

73. Defendants acted with fraud, oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

# X.  NEGLIGENCE

74.  Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

75.  Defendants' actions and omissions as described herein constitute negligence in that Defendants owed Plaintiff a duty of reasonable care in the collection of the alleged debt and in investigating and addressing Plaintiff's claims for redress, said duties were breached, and said breach was the proximate cause of damages suffered by Plaintiff.

76.  Plaintiff suffered damages due to Defendants' actions in an amount to be determined at trial.

77.  Plaintiff is entitled to punitive damages for the actions and omissions of the Defendants as described herein.

78.  Defendants acted with fraud, oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

# XI.  NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION

79.  Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

80.  Defendant was negligent in the hiring, retention, training, and/or supervision of its employees. Defendant's actions and omissions constitute negligence in that Defendant owed Plaintiff a duty to hire, retain, train, and/or supervise its employees properly, said duty was breached, and said breach was the proximate cause of damages suffered by Plaintiff.

81.  The actions and omissions of Defendant as described herein constitute grossly negligent hiring, retention, training, and/or supervision in that Defendant owed Plaintiff a duty to hire, retain, train, and/or supervise its employees properly, said duty was breached, said breach was the proximate cause of damages suffered by Plaintiff, and Defendant's actions and omissions

demonstrate a want of scant care and an indifference to the rights of Plaintiff. The actions of

Defendant were willful, malicious, and wanton. The actions of Defendant were highly

unreasonable and demonstrate an extreme departure from ordinary care.

82.  Plaintiff suffered damages due to Defendant's actions in an amount to be determined

by proof by the finder of fact at trial.

83.  Defendant acted with fraud, oppression, and/or malice, thereby entitling Plaintiff to

punitive damages in an amount according to proof and a finder of fact at trial.

WHEREFORE, Plaintiff respectfully pray that judgment be entered against the

Defendants for the following:

A.  Judgment that Defendants' conduct violated the FDCPA and the state Act.

B.  Statutory damages pursuant to 15 U.S.C. § 1692k, Civil Code § 1788.17 and Civil
     Code § 1788.30.

C.  Treble damages pursuant to Civil Code § 3345.

D.  Actual and punitive damages.

E.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Civil Code §
     1788.17 and Civil Code § 1788.30.

F.  Grant such other and further relief as it deems just and proper.

_____                    _____
Ronald Wilcox                              Date
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demand trial by jury in this action.

_____                    _____
Ronald Wilcox                              Date
Attorney for Plaintiff

# Exhibit 1

651 N. Cherokee Lane, #B2
Lodi Ca 95240

Address Service Requested

J&L TEAMWORKS
651 N. Cherokee Lane, #B2
Lodi Ca 95240
800-481-6006

August 16, 2007

**PERSONAL & CONFIDENTIAL**
Thomas H Vogtman                997190
1630 Merrill St Apt 306
Santa Cruz, CA 95062-4012

I|I¡I¡¡I¡II¡¡II¡¡¡II¡¡I¡¡II¡II¡¡¡¡II¡¡I¡I¡I¡¡¡¡¡II¡¡II

**ACCOUNT IDENTIFICATION**

RE: Santa Cruz Medical Foundation

ACCOUNT NUMBER   : 9156162
PATIENT NAME     : Vogtman,Thomas H
PRINCIPAL        : $445.20
INTEREST         : $15.61

**BALANCE OWING    : $460.81**

**IMPORTANT NOTICE**

**NOTIFICATION TO CREDIT BUREAU**

As required by law, you are hereby notified that a negative credit report will be submitted to a credit reporting agency within the next 30 days if you fail to fulfill the terms of your credit obligations.

Mr Parchman Ext. 184
J&L Teamworks

**This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.**

-----------------------------------------------Detach and Return with Payment -----------------------------------------------
**Enter the requested information in the spaces provided below:**

From: Thomas H Vogtman          997190

Change of Address:_____

City, State, Zip:_____

Telephone:_____

If you wish to pay by credit card, please enter the requested information in the spaces provided.

Check one:        ☐  Visa
                  ☐  MasterCard
                  ☐  American Express

Card Number: _____

Expiration Date:_____/_____/_____

**Note: A 3% Service Charge will be added on all credit card transactions.**

Signature: _____

J&L TEAMWORKS
651 N Cherokee Ln Ste B2
Lodi, CA 95240-4267

I|I¡I¡¡I¡II¡¡II¡I¡¡II¡¡I¡I¡I¡II¡I¡I¡¡I¡I¡I¡¡II¡¡II

# Exhibit 2

# LAW OFFICE OF BALAM O. LETONA

1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Voice & Facsimile (831) 621-9659
letonalaw@gmail.com

September 13, 2007

### VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED

J&L Teamworks
651 N. Cherokee Lane, B2
Lodi, CA 95240

Re: THOMAS VOGTMAN
Account No. 9156162

To Whom It May Concern:

This office represents Mr. Thomas Vogtman with respect to the debt your office seeks to collect. Mr. Vogtman regrets the fact that he will not be able to make any further payments on this debt. Please be informed that Mr. Vogtman is disabled and he receives Workers Compensation disability benefits.

This office requests pursuant to California Civil Code § 1788.14 that all further communications regarding the debt be directed to Balám O. Letona, Esq., of the Law Office of Balám O. Letona, Inc., at the address listed above. Any additional contact from your office will cause Mr. Vogtman to suffer unnecessary stress.

We thank you in advance for your anticipated cooperation in this matter. Additionally, if your office would like to call regarding this debt please call this office at (831)421-0200. I am

Very truly yours,

The Law Office of Balám O. Letona, Inc.

Balám O. Letona, Esq.
Attorney for Thomas Vogtman

U.S. Postal Service
Certified Mail Receipt

**ARTICLE NUMBER**
7155 5474 4100 4895 1198

**ARTICLE ADDRESS TO:**
J&L Teamworks
651 N Cherokee Ln Ste B2
Lodi CA 95240-4267

FEES
Postage per piece          $0.41
Certified Fee               2.65
Return Receipt Fee          2.15
Total Postage & Fees:      $5.21

Postmark
Here

---

LOBL
1347 Pacific Avenue, Ste. 203
Santa Cruz, CA 95060

PS Form 3800.2/04



7155 5474 4100 4895 1198

**RETURN RECEIPT REQUESTED**

COMPLETE THIS SECTION ON DELIVERY

A. Signature: (☑ Addressee or ☐ Agent)
x M. Prince

B. Received By: (Please Print Clearly)
Muresa Prince

C. Date of Delivery

D. Addressee's Address (If Different From Address Used by Sender.)

Secondary Address / Suite / Apt. / Floor   (Please Print Clearly)

Delivery Address

City                State        ZIP + 4 Code

Article Addressed To:

J&L Teamworks
651 N Cherokee Ln Ste B2
Lodi CA 95240-4267

# Exhibit 3

# LAW OFFICE OF BALAM O. LETONA

1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Voice & Facsimile (831) 621-9659
letonalaw@gmail.com

February 6, 2008

### VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED

J&L Teamworks
651 N. Cherokee Lane, B2
Lodi, CA 95240

Re: THOMAS VOGTMAN
Account No. 9156162

To Whom It May Concern:

This office represents Mr. Thomas Vogtman with respect to the account listed above and any other debt your office seeks to collect from him. Mr. Vogtman regrets the fact that he will not be able to make any further payments on this debt. Please be informed that Mr. Vogtman is disabled and he receives Workers Compensation disability benefits.

This office requests pursuant to California Civil Code § 1788.14 that all further communications regarding the debt be directed to Balám O. Letona, Esq., of the Law Office of Balám O. Letona, Inc., at the address listed above. Contact from your office has caused Mr. Vogtman to suffer unnecessary stress.

We thank you in advance for your anticipated cooperation in this matter. Additionally, if your office would like to call regarding this debt please call this office at (831) 421-0200. I am

Very truly yours,

The Law Office of Balám O. Letona, Inc.

Balám O. Letona, Esq.
Attorney for Thomas Vogtman

U.S. Postal Service
Certified Mail Receipt

ARTICLE NUMBER
7155 5474 4100 4609 6141

**ARTICLE ADDRESS TO:**
**J&L Teamworks**
**651 N Cherokee Ln Ste B2**
**Lodi CA 95240-4267**

FEES
Postage per piece          $0.41
Certified Fee              2.65
Return Receipt Fee         2.15
Total Postage & Fees:      $5.21

Postmark
Here

---

LAW OFFICE OF BALAM O. LETONA
1347 Pacific Avenue, Ste. 203
Santa Cruz, CA 95060

PS Form 3800 2/04

**CERTIFIED MAIL**



7155 5474 4100 4609 6141
**RETURN RECEIPT REQUESTED**

COMPLETE THIS SECTION ON DELIVERY
A. Signature: ( ☐ Addressee or ☐ Agent)

X _Mary Marquez_

B. Received By: (Please Print Clearly)

_Mari Marquez_

C. Date of Delivery

FEB

D. Addressee's Address (If Different From Address Used by Sender.)

Secondary Address / Suite / Apt. / Floor   (Please Print Clearly)

Delivery Address

City                        State      ZIP + 4 Code

Article Addressed To:

**J&L Teamworks**
**651 N Cherokee Ln Ste B2**
**Lodi CA 95240-4267**

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

THOMAS VOGTMAN

**DEFENDANTS**

J&L COLLECTION SERVICES, INC., dba J&L TEAMWORKS, TONY MIRABAL , WESLEY DOE and DOES 1-10

**(b)** County of Residence of First Listed Plaintiff  SANTA CRUZ
(EXCEPT IN U.S. PLAINTIFF CASES)

E-FILING

County of Residence of First Listed Defendant     SAN JOAQUIN
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Ronald Wilcox, Attorney at Law
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: (408) 296-0400

Attorneys (If Known)

ADR

C08  03917  HRL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [X] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                     and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | **LABOR** | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | [ ] 710 Fair Labor Standards | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | Act | [ ] 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| | | | & Disclosure Act | | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| | | | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 791 Empl. Ret. Inc. | or Defendant) | [ ] 895 Freedom of Information |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | Security Act | [ ] 871 IRS—Third Party | Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | | 26 USC 7609 | [ ] 900 Appeal of Fee |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | | Determination |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | | Under Equal Access |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities — | [ ] 540 Mandamus & Other | **IMMIGRATION** | | to Justice |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of |
| | [ ] 446 Amer. w/Disabilities — | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – | | State Statutes |
| | Other | | Alien Detainee | | |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692, et seq.
Brief description of cause:
Violations of the Fair Debt Collection Practices Act & California's Fair Debt Collection Practices Act, Civil Code 1788 et s

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE  8/19/08

SIGNATURE OF ATTORNEY OF RECORD  Ronald Wilcox

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
                                    Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.